UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DIRECTV, INC.,

            Plaintiff,

                                      **Hon. Hugh B. Scott**

v.

                                      04CV217S
                                   (formerly 03CV396)

EDDIE GOZDALSKI,                         **Report**
                                                **&**
            Defendant.                        **Recommendation**

Before the Court is the motion of plaintiff DirecTV, Inc. ("plaintiff" or "DirecTV"), (Docket No. 13) to strike the Answer for defendant's failure to heed this Court's Order to compel (Docket No. 12). According to the briefing schedule for this motion (Docket No. 14), responses to this motion were due by February 25, 2005, and a reply (if any) was due by March 4, 2005, and the case was scheduled for argument on March 8, 2005, but defendant (proceeding pro se) failed to appear (see Docket No. 15). Following issuance of a referral by Judge Skretny, responses to this motion were due April 8, 2005, and reply April 15, 2005. The motion was rescheduled for argument on April 29, 2005 (Docket No. 17).

This matter initially had been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C), but without authority to hear and report upon dispositive motions (text docket entry April 1, 2004). Judge Skretny issued a text order referring this motion to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) for a Report & Recommendation (docket entry of Mar. 24, 2005). A separate Order considers plaintiff's reasonable motion expenses under Rule 37.

BACKGROUND

This case is one in a series of actions filed in this District by DirecTV, Inc., against individuals for allegedly stealing plaintiff's satellite television signal or allegedly acquiring technology that could enable them to steal that signal, hence purportedly pirating DirecTV's satellite signal in violation of federal law. Plaintiff alleges that defendant purchased a pirate access device (DirecTV v. Makowski, No. 03CV396, Docket No. 1, Compl.). This action initially was part of an action (Makowski, No. 03CV396) which included claims against nine other defendants, who are not subject of this present motion. The Court granted in part a motion to dismiss for misjoinder (id. Docket No. 63, Mar. 31, 2004) and plaintiff refiled this case as a separate action against this defendant, with the Court not requiring refiling of pleadings or service of new process (id. at 3).

As a separate action, defendant's attorney moved to withdraw as counsel on October 22, 2004 (No. 04CV217, Docket No. 7) and defendant has since proceeded pro se in this action.

DISCUSSION

*Sanction for Failing to Comply with Order to Compel*

Plaintiff seeks to strike the Answer, Fed. R. Civ. P. 37(b)(2)(C). (Id. Docket No. 13, Pl. Memo. of Law.) When a party fails to comply with the Court's order to compel, the Court "may make such orders in regard to the failure as are just." Fed. R. Civ. P. 37(b)(2). This Court has wide discretion to impose sanctions and determine the type of sanction to be imposed under Rule 37(d). See Reilly v. NatWest Markets Group Inc., 181 F.3d 253, 267 (2d Cir. 1999). The rule lists various sanctions including preclusion or dismissal of claims, Fed. R. Civ. P. 37(d), (b)(2)(A) (facts established), (B) (refusing to allow disobedient party to support claim or

defense), (C) (striking pleadings), or (D) (contempt of court for failing to produce witness), as well as payment of opponent's reasonable expenses including attorneys' fees. "In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." Id. R. 37(b)(2) (emphasis added).

Given a second opportunity to respond (see Docket No. 17), defendant has not responded or appeared at the April 29, 2005, argument.

Imposition of Rule 37(d) sanctions for failure to comply with discovery demands must be weighed in light of the full record. Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures, 602 F.2d 1063, 1068 (2d Cir. 1979). The dismissal of a defense or preclusion of evidence for failure to respond to a discovery request is a drastic remedy. Burnett v. Venturi, 903 F. Supp. 304, 309 (N.D.N.Y. 1995); see National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639, 643 (1976) (per curiam) (dismissal as severest sanction). Defendant has persisted in not responding either to plaintiff's demands or this Court's Orders. Therefore, striking defendant's Answer, while severe, is the appropriate remedy for defendant's apparent abandonment of this action.

The amount of plaintiff's reasonable expenses will be addressed in a separate Order. As a prevailing movant for a discovery motion, under Rule 37, plaintiff is entitled to recover its reasonable motion expenses. While recommended here that plaintiff not receive the full sanction it sought, it prevails in the sense that the Court continues to order defendant to comply with

3

earlier demands and Court Order, and produce himself and materials as well as pay outstanding amounts due.

## CONCLUSION

Based upon the above, it is recommended that plaintiff DirecTV, Inc.'s, motion for discovery sanctions (Docket No. 13) be **granted**, in particular that defendant Eddie Gozdalski's Answer **be stricken**. Plaintiff is to submit an affidavit of its reasonable costs associated with this motion and the amount of plaintiff's reasonable costs will be addressed in a separate Order.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and W.D.N.Y. Local Civil Rule 72.3(a).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>F.D.I.C. v. Hillcrest Associates</u>, 66 F.3d 566 (2d Cir. 1995); <u>Wesolak v. Canadair Ltd.</u>, 838 F.2d 55 (2d Cir. 1988).

The District Court on *de novo* review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance.  See <u>Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co.</u>, 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

So Ordered.

s/HBS
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
      May 2, 2005