UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DIRECTV, INC.,

       Plaintiff,

                      **Hon. Hugh B. Scott**

       v.

                        04CV217
                     (severed from 03CV396)

EDDIE GOZDALSKI,                **Order**

       Defendant.

   Before the Court is follow up from plaintiff's motion for sanctions (Docket No. 13) following defendant Eddie Gozdalski's non-compliance with this Court's Order to compel discovery (Docket No. 12). After two court appearances (see Docket Nos. 15, 20) where defendant (proceeding pro se) did not make an appearance, this Court issued a Report & Recommendation (Docket No. 19, May 2, 2005[1]) recommending that his Answer be stricken and plaintiff be awarded its costs for making this motion. The Report & Recommendation called upon plaintiff to submit an affidavit of its reasonable costs associated with this latest motion and the Court would issue this Order setting the amount of plaintiff's reasonable costs. (Id. at 4.) Familiarity with that Report and the earlier Order to compel are presumed.

   In the initial Order, the Court awarded plaintiff $586.00 for its motion costs related to that first motion (Docket No. 12). As of the date of plaintiff's second motion defendant had not paid this initial amount. (See Docket No. 13, Atty. Aff. Ex. F, letter of Jan. 27, 2005.) Plaintiff has

---

[1]To date, defendant has not filed an objection to this Report & Recommendation.

now submitted an affidavit, claiming total costs for this second motion (mostly in attorneys' fees) totaling $562.00 (Docket No. 21).

## DISCUSSION

Federal Rule of Civil Procedure 37(a)(4) provides that, if the motion to compel is granted, the Court "<u>shall</u>, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . pay to the moving party the <u>reasonable expenses incurred in making the motion</u> . . . ." Fed. R. Civ. P. 37(a)(4) (emphasis added). "If the court determines to award expenses and fees, it is for the court to decide what amount is proper." 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, <u>Federal Practice and Procedure</u> § 2288, at 666-67 (Civil 2d ed. 1994); <u>see also</u> <u>Addington v. Mid-American Lines</u>, 77 F.R.D. 750, 751 (W.D. Mo. 1978) (three hours at $50 per hour held excessive where opponent merely failed to make timely response to interrogatories, reducing time to one hour). The rate or amount an attorney bills his or her client related to discovery or a motion to compel does not make that rate or time expended reasonable under Rule 37 as reasonable motion expenses. See <u>Kahn v. General Motors Corp.</u>, No. 88CIV2982, 1993 U.S. Dist. LEXIS 5196, at *4 (S.D.N.Y. Apr. 19, 1993). Here, plaintiff, noting the Court's concern about establishing the reasonable costs for this motion, stated that the costs were due to attorney in-court time while waiting for defendant's eventual non-appearances.

In an earlier series of motions to compel in other <u>DirecTV</u> satellite piracy cases pending in this Court, the Court awarded plaintiff its reasonable attorneys' fees and motion-related expenses. E.g., <u>DirecTV v. Janik</u>, No. 04CV234, Docket Nos. 14 (order to compel, ordering $239.50 of reasonable motion expenses for initial motion to compel), 18 (awarding $1,304.50 for

sanction for failure to comply with the order to compel).  The second award in Janik did not include the amount ordered for the first motion to compel.  The case at bar is similar to Janik.

Plaintiff is entitled only to its reasonable expenses in making these motions.  Defendant has not filed a response to plaintiff's affidavit and thus has not objected to the total amount, how it is calculated, or the attorneys' or staff rates sought.  The Court has prior experience with similar motions in other pending DirecTV cases, particularly in Janik, and finds that plaintiff here had incurred the amount it claims for the motion papers and research conducted leading to this second motion. When compared with similar sanction awards issued in other DirecTV satellite piracy cases pending in this District for disregard of this Court's Orders as well as plaintiff's discovery demands, see also DirecTV v. Perrier (Holloway), No. 03CV400, Docket No. 71 ($911.50 from defendant Holloway and his counsel as reasonable motion costs for second motion), the amount plaintiff seeks here is reasonable cost.

## CONCLUSION

For the reasons stated above, plaintiff DirecTV's motion for award of discovery sanctions associated with its motion to compel (Docket No. 13) is **granted as discussed above.**  Plaintiff shall recover from defendant Eddie Gozdalski $562.00, in addition to any unpaid portion of the earlier award of $586.00 that Gozdalski may still owe.

So Ordered.

s/HBS  
Hon. Hugh B. Scott  
United States Magistrate Judge

Dated: Buffalo, New York
       May 27, 2005